# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00261-CR

**Coy Mitchell, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT NO. 2011328, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After his motion to suppress evidence was overruled, appellant Coy Mitchell pleaded guilty to possessing between one and four grams of 3,4-methylenedioxy methamphetamine. Tex. Health & Safety Code Ann. ' 481.116(a), (c) (West Supp. 2003). As called for in a plea bargain agreement, the court placed Mitchell on deferred adjudication supervision for four years. In his sole point of error, Mitchell urges that the court erred by overruling the motion to suppress. We will affirm.

Austin Police Officer Chris Perkins testified at the suppression hearing that he saw a man later identified as Mitchell arguing with a woman later identified at Monica McIntire arguing on a sidewalk in the city=s entertainment district at about 2:30 a.m. As he watched, Mitchell Agrabbed the female and justCI guess the best way, pushed, but just slammed her to the ground.@ Perkins added, AShe hit the ground really

hard.@ The officer immediately seized Mitchell and placed him under arrest for assault. The controlled substance in question was found in Mitchell=s pocket during a search incident to the arrest.

Mitchell, McIntire, and Hollye Golightly testified for the defense. They said that Mitchell and Golightly were arguing and that McIntire intervened. When she seized Mitchell=s arm from behind, he turned and raised his arms in a defensive manner. McIntire lost her balance and fell. All three witnesses denied that Mitchell pushed or otherwise assaulted McIntire.

In overruling the motion to suppress, the court stated, AI do agree that there could have been more investigation into this case. I do agree with the defense. However, I believe that it=s a legally sufficient arrest, and I=m going to deny the defense=s motion to suppress.@ Mitchell interprets this statement as a finding that no assault in fact took place, but that the officer nevertheless had probable cause at the time to believe that it had. We do not necessarily share Mitchell=s view that the trial court believed that no assault took place, but will accept it for the purpose of this opinion.

As a matter of constitutional law, an arrest without warrant must be based on probable cause. *Ker v. California*, 374 U.S. 23, 34 (1963). In Texas, warrantless arrests are also subject to statutory regulation. *See* Tex. Code Crim. Proc. Ann. arts. 14.01-.06 (West 1977 & Supp. 2003). One of these statutes provides that a police officer may arrest an offender without a warrant for any offense committed in his presence or within his view. *Id*. art. 14.01(b) (West 1977). Mitchell argues that article 14.01 requires a showing beyond a reasonable doubt that an offense took place. He concedes that the statute has been interpreted otherwise, to require only a showing of probable cause. *See Delgado v. State*, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986). He further concedes that the evidence at the suppression

hearing supports the court=s finding of probable cause in this case. Mitchell states that he intends to challenge the continuing validity of *Delgado*.

We believe that article 14.01 was correctly interpreted in *Delgado*. Even if we did not, we would nevertheless have no option but to follow *Delgado*, as Mitchell recognizes. Viewing the testimony at the suppression hearing in the light most favorable to the court=s ruling, and reviewing de novo the court=s application of the law to the facts, we conclude that the district court correctly found that Mitchell=s arrest was supported by probable cause. *See Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The arrest was therefore lawful. *Delgado*, 718 S.W.2d at 721. Mitchell was lawfully searched incident to the arrest. *See Ker*, 374 U.S. at 41. The point of error is overruled.

The order placing Mitchell on deferred adjudication community supervision is affirmed.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: February 27, 2003

Do Not Publish

**3**